UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MELONIE LYNN SHEPPARD,

Petitioner,

v.

SHERYL FOSTER, et al.,

Respondents.

Case No. 3:14-cv-00059-MMD-VPC

ORDER

This habeas matter comes before the Court: (a) on petitioner's application to proceed *in forma pauperis* (dkt. no. 1); (b) for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases; and (c) on a motion for appointment of counsel (dkt. no. 1-5) and motion to file excess pages (dkt. no. 1-4) submitted with the petition.

I. **PAUPER APPLICATION**

Petitioner did not attach sufficient financial attachments with the pauper application. Under 28 U.S.C. § 1915(a)(2) and Local Rules LSR1-1 through 1-3, a petitioner must: (a) use the Court's required pauper form; and (b) attach both a financial certificate executed by an authorized institutional officer and a statement of her inmate trust account for the prior six months. Petitioner did not attach a statement of her inmate trust account for the prior six (6) months. Moreover, the federal financial certificate submitted seeks to incorporate a financial certificate from an apparently state court form. Petitioner must use the Court's form in full, without incorporation of state court forms.

The Court therefore will deny the pauper application without prejudice to the filing of a properly completed application.

Meanwhile, as discussed further below, the Court finds that a provisional grant of petitioner's motion for appointment of counsel is in the interests of justice, assuming financial eligibility. The Court is proceeding with provisionally appointing counsel now so that counsel can begin investigation and preparation as early as possible in the federal case. However, petitioner still must timely either pay the filing fee or submit a properly-completed pauper application. If petitioner fails to do so timely, the action will be dismissed without further advance notice. If she fails to confirm her financial eligibility as reflected by the current partial materials, the provisional appointment of counsel will not be confirmed.

With these qualifications, the Court turns to the motion for appointment of counsel.

## II. APPOINTMENT OF COUNSEL

Petitioner Melonie Lynn Sheppard challenges her Nevada state conviction of, *inter alia*, first degree murder with the use of a deadly weapon, on the basis of felony murder in connection with a robbery. It appears from the information available that she will be in her seventies before she possibly first could be released to a non-institutional parole outside of a prison. The federal petition is untimely on its face, but petitioner seeks to overcome state and federal procedural bars based upon a claim of alleged actual innocence.

Against the backdrop of the foregoing strictly preliminary and non-definitive review, the Court finds that appointment of counsel is in the interests of justice given: (a) the lengthy sentence structure, under which petitioner will be in prison until at least her seventies; (b) the potential number and complexity of the procedural and substantive issues that may be presented; and (c) the likelihood that appointed counsel will provide the Court with all potentially relevant materials, including a complete trial

///

transcript, for consideration of petitioner's claim of actual innocence as a basis for overcoming procedural bars.

The motion for appointment of counsel therefore will be provisionally granted, subject to timely satisfaction of the filing fee requirement (via payment or a pauper application) and confirmation of petitioner's financial eligibility for appointment of counsel.

### III.  MOTION TO FILE EXCESS PAGES

Petitioner's motion (dkt. no. 1-4) to file excess pages will be granted to the extent that the Court will direct the filing of the *pro se* petition as presented. The Court does not address any deficiencies in the *pro se* original petition given that a counseled pleading will be filed.[1]

### IV.  CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* (dkt. no. 1) is denied without prejudice. Petitioner shall have thirty (30) days within which to either pay the filing fee or submit a properly completed pauper application. The action will be dismissed without further advance notice if petitioner does not do so timely.

It is further ordered that the Clerk of Court shall file the petition.

It is further ordered that the Clerk shall file the motion to file excess pages (dkt. no. 1-4) submitted with the petition, that the motion is granted to the extent that the Court authorizes the filing of the *pro se* original petition without regard to any

///

---

[1] The Court has not found where petitioner signed the original petition and further verified the allegations *of the petition* in a declaration under penalty of perjury. The papers on file include a signed affirmation that the petition does not contain any social security number of any person. The papers further include a certificate of mailing along with a declaration under penalty of perjury that *the information in the certificate of mailing* is correct. *See* dkt. no. 1-2, at 89-90. Neither of those signed pages constitutes either a signature *of the petition* or a declaration under penalty of perjury verifying the allegations *of the petition*. To the extent that the timeliness of petitioner's claims and/or relation back to the original petition potentially may be contingent upon the original petition itself being both signed and verified, appointed counsel perhaps may consider the advisability of correcting these particular deficiencies earlier rather than later.

deficiencies therein, and that the Clerk shall reflect the grant of the motion by this order in the docket entry for the motion.

It is further ordered that the Clerk shall file the motion for appointment of counsel (dkt. no. 1-5) submitted with the petition, that the motion is provisionally granted as per the remaining provisions below, and that the Clerk shall reflect the provisional grant of the motion by this order in the docket entry for the motion. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. The provisional grant of the motion is subject to petitioner, within thirty (30) days of entry of this order: (a) paying the filing fee or submitting a properly completed pauper application; and (b) if no pauper application is filed, submitting a current account statement confirming her financial eligibility for appointment of counsel.

It is further ordered that the Federal Public Defender shall be provisionally appointed as counsel and shall have thirty (30) days to undertake direct representation of petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to represent petitioner, the Court will appoint alternate counsel. A deadline for the filing of an amended petition will be set after counsel has entered an appearance. The Court anticipates setting the deadline, taking into account the discussion herein, for approximately one hundred eighty (180) days from entry of the formal order of appointment. Petitioner potentially also will be able to file a motion for a stay with the amended petition if it includes unexhausted claims. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating all limitation periods and timely presenting claims.

It is further ordered, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add Attorney General Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her.

Respondents' counsel shall enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response shall be required from respondents until further order of this Court.

The Clerk accordingly shall send a copy of this order to the *pro se* petitioner (along with a copy of the petition), the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator. The Clerk further shall regenerate notices of electronic filing of all prior filings herein to both the Nevada Attorney General and the Federal Public Defender.

DATED THIS 30th day of January 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE