# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MELONIE LYNN SHEPPARD, | Case No. 3:14-cv-00059-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| SHERYL FOSTER, et al., | |
| Respondents. | |

This habeas matter comes before the Court on petitioner's second application to proceed *in forma pauperis*. (Dkt. no. 8.)

The second application again is deficient. The first application used an apparent state court form for the financial certificate. The second application now uses an apparently homemade version of the federal financial certificate to provide financial information. The financial certificate from the required form instead is executed in blank purportedly by a law library supervisor. That individual is not one of the four individuals authorized to execute a financial certificate as per the annual correspondence from the state corrections department. When the order states "[p]etitioner must use the Court's form in full," the order means exactly that. Petitioner may not use the financial certificate in the required form as a cover document for a financial certificate that is not executed on the current required form.

The materials submitted in any event reflect petitioner's ability to pay the $5.00 filing fee. The second pauper application therefore will be denied. Petitioner must pay the filing fee within thirty (30) days of this order.

Petitioner has the obligation to properly commence a civil action, including a habeas action. If petitioner does not properly commence this action, it will be dismissed without prejudice without further advance notice. The Court provisionally appointed counsel so that counsel could seek to preserve petitioner's claims while the fee payment obligation ostensibly was being satisfied, but it will dismiss the action if it is not properly commenced in response to this order.

It is therefore ordered that petitioner's second application to proceed *in forma pauperis* (dkt. no. 8) is denied. Petitioner shall have thirty (30) days from entry of this order within which to have the filing fee of five dollars ($5.00) sent to the Clerk of Court. Failure to comply will result in the dismissal of this action without further advance notice. Given that petitioner is provisionally represented by counsel, the actual response deadline controls.

It is further ordered that petitioner's counsel shall provide petitioner in proper person two (2) copies of this order. Petitioner shall make the necessary arrangements to have one (1) copy of this order attached to the check paying the filing fee.

DATED THIS 5th day of August 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE