1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                                * * *

9   MELONIE LYNN SHEPPARD,          Case No. 3:14-cv-00059-MMD-VPC

10                     Petitioner,            ORDER

11        v.

12  SHERYL FOSTER, et al.,

13                     Respondents.

14

15        This habeas matter comes before the Court for initial review of the counseled

16  amended petition and further following upon the earlier notice of appearance by

17  provisionally appointed counsel. The filing fee has been paid.

18        The Court is issuing a standard directive requiring respondents, *inter alia*, to raise

19  all of their procedural defenses in a single motion to dismiss. While there may be a

20  threshold issue as to the timeliness of the petition, the most efficient manner to proceed

21  in this particular case nonetheless will be to bring forward all defenses in a single

22  motion to dismiss. If a procedural default defense is raised, or becomes a potential

23  issue on an exhaustion defense, the analysis of such issues ultimately may also lead to

24  consideration of petitioner's actual innocence argument that potentially will be raised in

25  response to a time-bar defense.

26        The Court emphasizes that this scheduling order does not permit respondents to

27  embed an exhaustion defense in an answer. The Court reserves the option of finding

28  that, even if the defense is not waived as a matter of substantive law under 28 U.S.C. §

1    2254(b)(3), respondents no longer may pursue the defense in the district court for

2    failure to comply with the Court's scheduling order regarding the presentation of

3    defenses in the action, absent extraordinary circumstances. *Cf. Morrison v. Mahoney*,

4    399 F.3d 1042, 1046 (9th Cir. 2005) ("*Unless a court has ordered otherwise*, separate

5    motions to dismiss may be filed asserting different affirmative defenses.") (emphasis

6    added).

7            It is therefore ordered that the Federal Public Defender's Office is appointed as

8    counsel for petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B), with Megan C. Hoffman,

9    Esq., appearing as petitioner's counsel of record.

10           It is further ordered that respondents shall file a response to the amended

11   petition, including potentially by motion to dismiss, within sixty (60) days of entry of this

12   order. Any response filed shall comply with the remaining provisions below, which are

13   entered pursuant to Habeas Rule 4.

14           It is further ordered that any procedural defenses raised by respondents to the

15   counseled amended petition shall be raised together in a single consolidated motion to

16   dismiss. In other words, the Court does not wish to address any procedural defenses

17   raised herein either in *seriatim* fashion in multiple successive motions to dismiss or

18   embedded in the answer. Procedural defenses omitted from such motion to dismiss will

19   be subject to potential waiver and/or a finding of noncompliance with this scheduling

20   order. Respondents shall not file a response in this case that consolidates their

21   procedural defenses, if any, with their response on the merits, except pursuant to 28

22   U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents

23   seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the

24   single motion to dismiss not in the answer; and (b) they shall specifically direct their

25   argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v.

26   Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses,

27   including exhaustion, shall be included with the merits in an answer. All procedural

28   defenses, including exhaustion, instead must be raised by motion to dismiss.

1       It is further ordered that, in any answer filed on the merits, respondents shall

2  specifically cite to and address the applicable state court written decision and state

3  court record materials, if any, regarding each claim within the response as to that claim.

4       It is further ordered that petitioner shall have thirty (30) days from service of the

5  answer, motion to dismiss, or other response to file a reply or opposition, with any other

6  requests for relief by the parties by motion otherwise being subject to the briefing

7  schedule under the local rules.

8       It is further ordered that any additional state court record exhibits filed herein by

9  either petitioner or respondents shall be filed with a separate index of exhibits identifying

10  the exhibits by number. The CM/ECF attachments that are filed further shall be

11  identified by the number or numbers of the exhibits in the attachment.

12       The hard copy of any exhibits filed by counsel shall be delivered ─ for this case ─

13  to the Clerk's Office in Reno.

14

15       DATED THIS 13th day of August 2014.

16

17          MIRANDA M. DU
              UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28