UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MELONIE LYNN SHEPPARD,

                               Petitioner,

     v.

SHERYL FOSTER, et al.,

                            Respondents.

Case No. 3:14-cv-00059-MMD-VPC

ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is respondents' motion to partially dismiss the amended petition. (Dkt. no. 25.) Petitioner has opposed the motion (dkt. no. 28), and respondents replied (dkt. no. 31).

I.      PROCEDURAL HISTORY AND BACKGROUND

On February 13, 2004, petitioner Melonie Lynn Sheppard was convicted pursuant to a jury trial of count 1: murder with the use of a deadly weapon; count 2: robbery with the use of a deadly weapon; and count 3: conspiracy to commit robbery (exhibits to amended petition, dkt. no. 11, Exh. 33).[1] On March 12, 2004, petitioner was sentenced as follows: count 1 — a term of fifty years with parole eligibility after twenty years plus an equal and consecutive term for the use of the deadly weapon; count 2 — a term of one hundred twenty months with parole eligibility after twenty-six months plus an equal and consecutive term for the use of the deadly weapon; and

---

[1]All exhibits referenced in this order are exhibits to the amended petition, dkt. no. 11, and are found at dkt. nos. 12-21.

count 3 — a term of seventy-two months with parole eligibility after sixteen months, with counts 2 and 3 to run concurrently to count 1. (Exh. 39.) The judgment of conviction was entered that day. (Exh. 40.)

Petitioner appealed, and the Nevada Supreme Court affirmed her convictions on December 20, 2005. (Exh. 48.) Remittitur issued on January 17, 2006. (Exh. 49.)

On November 3, 2006, petitioner filed her first state postconviction petition for writ of habeas corpus. (Exh. 50.) The state district court appointed counsel, and counsel filed a supplemental petition. (Exhs. 55, 56.) Counsel filed a supplement to the supplemental petition, and the state district court held an evidentiary hearing on March 20, 2009. (Exhs. 70, 68.) On July 2, 2009, the state district court granted petitioner relief on seven grounds. (Exh. 71.)

The State appealed, and on June 23, 2010, the Nevada Supreme Court reversed the state district court's order in its entirety. (Exh. 90.) The Nevada Supreme Court denied petitioner's motion for rehearing and then denied her motion for en banc reconsideration. (Exhs. 92, 95.) Remittitur issued on January 18, 2011. (Exh. 96.)

On November 12, 2010, petitioner filed her second state postconviction petition. (Exh. 94.) The state district court appointed counsel, conducted an evidentiary hearing, and ultimately denied the petition on May 21, 2012. (Exhs. 97, 98, 106, 108.) On December 12, 2013, the Nevada Supreme Court affirmed the denial of the petition, and remittitur issued on January 6, 2014. (Exhs. 119, 120.)

Petitioner dispatched her federal petition for writ of habeas corpus on January 24, 2014. (Dkt. no. 4.) This Court appointed counsel, and an amended petition was filed on May 19, 2014. (Dkt. nos. 3, 11.) Respondents now argue that four grounds, including ground 5, are unexhausted. (Dkt. no. 25.) Thereafter, petitioner filed a motion to dismiss ground 5, together with a declaration of petitioner's formal abandonment of ground 5 (dkt. nos. 29, 30). Petitioner's motion is granted. The Court now considers respondents' arguments that grounds 3, 4, and 7 are unexhausted.

///

## II.    LEGAL STANDARD FOR EXHAUSTION

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted her available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of her claims before she presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. at 520). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d at 1106 (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

3

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which her federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

## III.    RELEVANT GROUNDS IN INSTANT PETITION

Petitioner has filed a declaration of abandonment as to ground 5, and the amended petition sets forth six other grounds for relief. (Dkt. no. 5 at 3-64.) Respondents argue that grounds 3, 4 and 7 are unexhausted. (Dkt. no. 25, pp. 5-8.)

### A.    Ground 3

In ground 3 of her federal petition, petitioner contends that her Fifth and Fourteenth Amendment due process rights were violated because newly discovered evidence probably would have resulted in her acquittal. (Dkt. no. 11 at 35-38.) She asserts that she presented this claim to the Nevada Supreme Court in her appeal of the denial of her second state postconviction petition, and that it is therefore exhausted. (Dkt. no. 11 at 35; Exh. 116.)

Respondents argue that petitioner failed to present a federal legal theory in connection with this issue to the Nevada Supreme Court and instead presented it solely as a matter of state law and, therefore, it is unexhausted. (Dkt. no. 10 at 10-12.)

Petitioner argues that she presented a federal due process claim because the Nevada state cases that she cited in her appeal of the denial of her second state postconviction petition cited to federal cases that applied federal constitutional standards and/or cited to other state cases that in turn cited federal cases that applied federal constitutional standards. Petitioner points to her citation to the Nevada

4

Supreme Court decision in *Callier v. Warden*, 901 P.2d 619 (Nev. 1995). (Dkt. no. 28 at 4-6.) *Callier* held that:

> in evaluating recantation cases, whether in the context of a new trial motion or a habeas petition, the trial court should apply the following standard:
>
> (1) the court is satisfied that the trial testimony of material witnesses was false;
>
> (2) the evidence showing that false testimony was introduced at trial is newly discovered;
>
> (3) the evidence could not have been discovered and produced for trial even with the exercise of reasonable diligence; and
>
> (4) it is probable that had the false testimony not been admitted, a different result would have occurred at trial.
>
> Only if each component is met should the trial court order a new trial.

*Callier*, 901 P.2d at 627-628. Although the foregoing standard makes no reference to due process or constitutional guarantees, petitioner contends that *Callier* applied federal constitutional law because it adopted "the federal standard" articulated in *United States v. Krasny*, 607 F.2d 840 (9th Cir.1979). However, merely because a federal criminal case discusses a standard — in this instance the standard for a new trial based upon newly discovered evidence — to be applied in federal criminal trials does not signify that the federal criminal case is applying federal constitutional law. That is, the discussion of a "federal standard" is not inherently a discussion of a federal constitutional standard. The Ninth Circuit in *Krasny* makes no reference to either due process or the Constitution in its discussion of the proper standard to be applied in federal criminal trials. Petitioner's citation to *Callier*, which in turn referenced the non-constitutional discussion in *Krasny* did not fairly present a federal constitutional due process claim to the Supreme Court of Nevada.

Next, petitioner relies on *Callier's* citation to *Riley v. State*, 567 P.2d 475 (Nev. 1977). Petitioner points in particular to the fact that the defendant in *Riley* maintained that his conviction had been obtained through knowing use of perjured testimony, in violation of Fifth Amendment due process. *Riley,* 567 P.2d at 475-476. Petitioner did

not allege that the State knowingly used perjured testimony in her appeal of the denial of her second state postconviction petition; her claim instead was, and is, that the state district court erred in denying her motion for new trial based upon newly discovered evidence. While that newly discovered evidence sought to establish that a prosecution witness committed perjury, this Court finds no allegation in the record that the State knowingly used any such perjured testimony. *Callier* cited *Riley* expressly for the proposition "that 'a conviction obtained by the knowing use of perjured testimony is fundamentally unfair and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.'" *Callier*, 901 P.2d at 627. When the constitutional claim referenced in a cited case is not the same federal claim that the petitioner presents in federal court, it is established law that citation to the case is insufficient to exhaust the claim presented in federal court. *See, e.g., Shumway v. Payne*, 223 F.3d 982, 988 (9th Cir. 2000). *Callier's* citation to *Riley* for its discussion of a federal due process claim based upon the State's knowing use of perjured testimony did not exhaust petitioner's distinct and different claim that the denial of a new trial based upon newly discovered evidence deprived her of due process of law. Accordingly, ground 3 is unexhausted.

**B.   Ground 4**

As federal ground 4, petitioner claims that her Fifth, Sixth, and Fourteenth Amendment rights to due process and a fair trial were violated when the jury was improperly instructed on felony murder and the instructional error minimized the State's burden of proof. (Dkt. no. 11 at 38-42.) Petitioner contends that she presented this claim to the Nevada Supreme Court on direct appeal. (*Id.* at 38.)

Respondents assert that petitioner presented this claim on direct appeal only as a matter of an error of state law and failed to fairly present a federal legal theory in connection with the claim. (Dkt. no. 25 at 6.)

Petitioner argues in her opposition to the motion to dismiss that she fairly presented her federal constitutional claims on direct appeal when she cited to

1   *Mullaney v. Wilbur*, 421 U.S. 684 (1975). (Dkt. no. 28 at 6-7.) However, petitioner did

2   not cite directly to *Mullaney* in her direct appeal. (*See* Exh. 45 at 4.) She quoted

3   *Enmund v. Georgia*, 458 U.S. 782 (1982), a case in which the United States Supreme

4   Court held that the imposition of the death penalty on that petitioner based on Florida's

5   felony-murder rule violated the Eighth and Fourteenth Amendments. (*Id.)* The *Enmund*

6   excerpt included a brief quote from *Mullaney*: "American criminal law has long

7   considered a defendant's intention — and therefore his moral guilt — to be critical to

8   'the degree of criminal culpability and the Court has found criminal penalties to be

9   unconstitutionally excessive in the absence of intentional wrongdoing." *Enmund*, 458

10  U.S. at 800, quoting *Mullaney*, 421 U.S. at 698.

11      Moreover, while petitioner is correct that *Mullaney* was a federal due process

12  case, there the Supreme Court concluded that Maine had violated due process by

13  placing the burden on defendants to prove that they acted in the heat of passion in

14  order to reduce a murder charge to manslaughter. *Mullaney*, 421 U.S. at 704. The

15  Court in *Mullaney* did not address the felony-murder rule. As discussed with respect to

16  ground 3, "[w]hen the constitutional claim raised in a cited case is not the same claim

17  that the petitioner asserts was presented to the state court, 'it is clear that such a

18  citation is insufficient.'" *Shumway*, 223 F.3d at 988, quoting *Anderson v. Harless*, 459

19  U.S. 4, 7 n.3 (1982). Accordingly, ground 4 is unexhausted.

20      **C.    Ground 7**

21      In ground 7 of the federal petition, petitioner claims that the jury was not

22  instructed that accomplice testimony must be corroborated and the State failed to

23  present evidence corroborating the accomplices' testimony, in violation of her Fifth,

24  Sixth, and Fourteenth Amendment rights to due process and a fair trial. (Dkt. no. 11 at

25  49-51.) Petitioner contends that she presented this claim to the Nevada Supreme

26  Court on direct appeal. (*Id.* at 49.)

27  ///

28  ///

7

Again, respondents assert that this ground is unexhausted, arguing that petitioner presented this challenge based on state law only and failed to fairly present a federal legal theory in connection with her challenge. (Dkt. no. 25 at 7-8.)

Having reviewed petitioner's claim on direct appeal, the Nevada Supreme Court order affirming the denial of the appeal, and the federal briefing on ground 7, this Court concludes that ground 7 is exhausted. As petitioner points out, in her direct appeal she cites to *Crowe v. State*, 441 P.2d 90 (Nev. 1968), which in turn cites to several federal cases. For example, *U.S. v. Griffin* is a cited case regarding sufficiency of the evidence in which the federal court discusses special cautionary instructions required in instances of uncorroborated or unsubstantiated informant testimony. *Griffin,* 382 F.2d 823 (6th Cir. 1967). As sufficiency of the evidence claims implicate federal due process (*Jackson v. Virginia*, 443 U.S. 307, 321 (1979)), this Court holds that ground 7 is exhausted.

## IV.    PETITIONER'S OPTIONS REGARDING UNEXHAUSTED CLAIMS

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. at 510. A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds that grounds 3 and 4 are unexhausted and that ground 7 is exhausted. Respondents did not challenge any other grounds as subject to dismissal. The petition is a "mixed petition," containing both exhausted and unexhausted claims, and therefore, petitioner has these options:

1.    She may submit a sworn declaration voluntarily abandoning the unexhausted claims in her federal habeas petition, and proceed only on the remaining exhausted claims;

2.    She may return to state court to exhaust his unexhausted claims, in which case her federal habeas petition will be denied without prejudice; or

3.    She may file a motion asking this court to stay and abey her exhausted federal habeas claims while he returns to state court to exhaust her unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.  Thus, the Court held that it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for her failure to exhaust, her unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278.

## V.   CONCLUSION

It is therefore ordered that respondents' motion to dismiss the amended petition (dkt. no. 25) is granted in part and denied in part as follows:

1.      Grounds 3 and 4 are unexhausted.

2.      Ground 7 is exhausted.

It is further ordered that petitioner, through counsel, shall have thirty (30) days to either: (1) inform this Court in a sworn declaration that she wishes to formally and forever abandon the unexhausted grounds for relief in her federal habeas petition and proceed on the exhausted ground; or (2) inform this Court in a sworn declaration that she wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to hold her exhausted claim in abeyance while she returns to state court to exhaust her unexhausted claims. If petitioner chooses to file a motion for a stay and

///

abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

It is further ordered that if petitioner elects to abandon her unexhausted grounds, respondents shall have thirty (30) days from the date petitioner serves her declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner shall have thirty (30) days following service of respondents' answer in which to file a reply.

It is further ordered that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

It is further ordered that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded — for this case — to the staff attorneys in Reno.

It is further ordered that petitioner's motion for partial dismissal (dkt. no. 29) is granted as set forth in this order.

It is further ordered that petitioner's unopposed motion to extend time to respond to the motion to dismiss (dkt. no. 27) is granted *nunc pro tunc*.

DATED THIS 8th day of July 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE