UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MELONIE LYNN SHEPPARD, | Case No. 3:14-cv-00059-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| SHERYL FOSTER, et al., | |
| Respondents. | |

This habeas petition is before the Court pursuant to petitioner Melonie Lynn Sheppard's counseled motion for stay and abeyance (dkt. no. 34). Respondents opposed (dkt. no. 36), and Sheppard replied (dkt. no. 38).

On July 8, 2015, the Court granted respondents' motion to dismiss in part, concluding that grounds 3 and 4 of Sheppard's amended petition were unexhausted (dkt. no. 32). On August 24, 2015, Sheppard filed a state postconviction petition that includes federal grounds 3 and 4 (dkt. no. 34 at 2). Accordingly, Sheppard now asks this Court to stay these federal proceedings in accordance with *Rhines v. Weber* pending the conclusion of her state postconviction proceedings. *Id.*

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

1
2
3
4

> Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

5    *Rhines*, 544 U.S. at 277.

6    The Court went on to state that, "[I]t likely would be an abuse of discretion for a
7    district court to deny a stay and to dismiss a mixed petition if the petitioner had good
8    cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and
9    there is no indication that the petitioner engaged in intentionally dilatory litigation
10   tactics." *Id.* at 278.

11   Thus, the court may stay a petition containing both exhausted and unexhausted
12   claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are
13   potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics.
14   *Rhines*, 544 U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011).
15   "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse,
16   supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]."
17   *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot
18   amount to a showing of good cause, a reasonable excuse, supported by evidence to
19   justify a petitioner's failure to exhaust, will."   *Id.*   An indication that the standard is not
20   particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where
21   the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a
22   state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to
23   exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U .S. at 278). *See also Jackson v.
24   Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (the application of an "extraordinary
25   circumstances" standard does not comport with the "good cause" standard prescribed
26   by *Rhines*).

27   The Ninth Circuit has held that a valid claim of ineffective assistance under
28   *Martinez v. Ryan* that would establish "cause" for overcoming a default would also be

2

sufficient to justify a stay for purposes of exhausting the petitioner's claims. *Blake v. Baker*, 745 F.3d at 983-84 (holding that "cause" under *Rhines* "cannot be any more demanding" than the *Martinez* standard); *Id.* at 984, fn. 7 (noting that Supreme Court has suggested *Rhines* standard is more liberal).

In ground 3 of her federal petition, Sheppard contends that her Fifth and Fourteenth Amendment due process rights were violated because newly discovered evidence probably would have resulted in her acquittal (dkt. no. 11 at 35-38). Specifically, Sheppard claims that Mikysha Belvin testified against Sheppard in the 2004 trial, in exchange for a favorable plea bargain. Belvin provided the only testimony at trial that supported the state's theory of motive that Sheppard wanted to rob the victim because he failed to pay her for prostitution services she had rendered. Belvin was also the only witness who provided direct evidence that Sheppard stated she planned to rob the victim and that Sheppard was involved in a conspiracy to rob the victim. In 2009, Belvin testified in support of her own postconviction petition. Belvin alleged that but for her counsel's ineffective assistance, she would not have pled guilty. On cross-examination, Belvin admitted she did not testify truthfully against Sheppard. She testified that she was "pulled out of the county jail and brought down to the police station to work on this story or else I would not get my deal. That's the truth." *Id.*

As federal ground 4, petitioner claims that her Fifth, Sixth, and Fourteenth Amendment rights to due process and a fair trial were violated when the jury was improperly instructed on felony murder and the instructional error minimized the state's burden of proof (dkt. no. 11 at 38-42).  Sheppard states that the jury was not instructed that the murder must be a reasonably foreseeable consequence of the underlying charge of robbery. The jury was also not instructed that the state was required to prove causation for the murder. Sheppard argues that the state's burden of proving each element of the offense was improperly minimized, in violation of her due process rights. The state district court's failure to properly instruct the jury on the elements of felony ///

1    murder deprived Sheppard of due process, when it minimized the state's burden of
2    having to prove each element of the offense of first degree murder.  *Id.*

3          Sheppard argues that she can demonstrate good cause for her failure to exhaust
4    federal grounds 3 and 4 in state court because (a) she was reasonably confused as to
5    whether she had exhausted those grounds; and (b) her state postconviction counsel
6    rendered ineffective assistance (dkt. no. 34 at 3-7).

7          When Sheppard presented federal ground 3 to the Nevada Supreme Court, she
8    included citation to *Callier v. Warden*, 901 P.2d 619 (Nev. 1995), which discussed "the
9    federal standard" articulated in *United States v. Krasny*, 607 F.2d 840 (9th Cir. 1979).
10   This Court concluded that Sheppard did not fairly present federal ground 3 as a federal
11   constitutional due process claim to the Nevada Supreme Court (dkt. no. 32 at 5). This
12   Court also explained that *Callier's* citation to *Riley v. State*, 567 P.2d 475 (Nev. 1977)
13   for its discussion of a federal due process claim based upon the state's knowing use of
14   perjured testimony did not exhaust petitioner's distinct and different claim that the denial
15   of a new trial based upon newly discovered evidence deprived her of due process of law
16   (dkt. no. 32 at 5).

17         Similarly, when Sheppard presented ground 4 to the Nevada Supreme Court she
18   cited to federal cases. However, this Court concluded that the federal cases were not on
19   point as they did not address the felony-murder rule and, again, when the constitutional
20   claim raised in a cited case is not the same claim that a petitioner presented to state
21   court, "such citation is insufficient." *Id.* at 7, citing *Shumway v. Payne*, 223 F.3d 982,
22   988 (9th Cir. 2000).

23         Respondents argue that Sheppard's confusion as to whether those claims were
24   exhausted does not constitute good cause (dkt. no. 36 at 5-6). They point out that in
25   *Wooten v. Kirkland*, the Ninth Circuit rejected the contention that the petitioner had
26   demonstrated good cause because it was his "impression" that his counsel had
27   exhausted a claim. 540 F.3d 1019, 1024 (9th Cir. 2008). However, this Court concludes
28   that Sheppard's situation differs from that in *Wooten*. Sheppard's state postconviction

4

petition referenced federal constitutional case law, arguably giving her more than simply an "impression" that the claims had been exhausted. Mindful that *Pace* suggests that the good cause bar is not particularly high, the Court is persuaded that the layered analysis required to determine that grounds 3 and 4 were not exhausted could give rise to Sheppard's reasonable confusion as to whether they were exhausted. *Pace*, 544 U.S. at 416. Accordingly, Sheppard has established good cause for failure to exhaust grounds 3 and 4.

As to the second prong of the *Rhines* test, Sheppard's unexhausted grounds are not "plainly meritless." Moreover, respondents do not argue either that the grounds are plainly meritless or that Sheppard has engaged in dilatory tactics. Accordingly, this Court determines that Sheppard has satisfied the criteria for a stay and abeyance under *Rhines*.

Petitioner's motion for a stay and abeyance of this federal habeas corpus proceeding is granted. Sheppard, through counsel, will need to file a motion to reopen the case after her state postconviction proceedings have concluded.

It is therefore ordered that petitioner's motion for stay and abeyance (dkt. no. 34) is granted.

It is further ordered that this action is stayed pending final resolution of petitioner's pending state postconviction habeas petition.

It is further ordered that the grant of a stay is conditioned upon petitioner returning to federal court with a motion to reopen the case within forty-five (45) days of the issuance of the remittitur by the Supreme Court of Nevada, at the conclusion of the state court proceedings on the postconviction habeas petition.

It is further ordered that petitioner's motion to extend time to respond to the Court's order (dkt. no. 33) and motion to extend time to respond in support of the motion for stay (dkt. no. 37) are both granted *nunc pro tunc*.

///

///

1
2

It is further ordered that the Clerk administratively close this action, until such time as the Court grants a motion to reopen the matter.

3
4

DATED THIS 1st day of March 2016.

5
6
7

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28