UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MELONIE LYNN SHEPPARD,<br><br>                         Petitioner,<br>     v.<br>SHERYL FOSTER, et al.,<br><br>                        Respondents. | Case No. 3:14-cv-00059-MMD-VPC<br><br>ORDER |

This habeas petition is before the Court pursuant to petitioner Melonie Lynn Sheppard's counseled motion to temporarily lift stay in order to supplement her petition (ECF No. 41). Respondents opposed (ECF No. 43), and Sheppard replied (ECF No. 45).

On March 1, 2016, the Court granted Sheppard's motion to stay and abey while she litigated her pending state postconviction petition. (ECF No. 39.) She now moves to lift the stay for the limited purpose of supplementing the first-amended petition in order to add factual and legal claims that were not previously available when she filed her first-amended petition. (ECF No. 41 at 3.) While her state postconviction proceedings are ongoing, she seeks to file the supplement now in order to prevent forfeiture of the claim under the statute of limitations. *Id.* She explains that in an abundance of caution and in the exercise of diligence she brings the newly discovered facts and legal arguments to this Court's attention now so that they may be properly litigated without delay following the conclusion of all state proceedings. *Id.* at 3-4.

Respondents contend that petitioner has mischaracterized the addition of the claim as a supplement, rather than as an amendment. *See* Fed. R. Civ. P. 15. For purposes of

this motion, the distinction is immaterial. A petition for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 12, Rules Governing Section 2254 Cases (Rules of Civil Procedure apply to federal habeas proceedings "to the extent that they are not inconsistent."). Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma County. Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Respondents oppose allowing Sheppard to file the supplement, arguing that the factual bases of Sheppard's new claim—that police coerced her co-defendant to lie and implicate Sheppard—arose before she filed her first-amended petition. (ECF No. 45.) Sheppard acknowledges that her co-defendant had testified in 2009 that she was pulled out of the county jail to work on her story. (ECF No. 45 at 2-3.) However, Sheppard argues that at the January 2017 state postconviction evidentiary hearing, the co-defendant testified for the first time that it was police detectives who coerced her and that a third defendant testified for the first time that detectives pressured him and threatened to have his sister arrested if he did not testify to a similar version of events as the co-defendant. *Id.*

The Court will grant the motion. After the completion of her pending state-court proceedings, and if and when the stay of this action is permanently lifted, the Court will require petitioner to file an amended habeas petition, including the new claim.

2

Nothing in this order granting petitioner's motion for leave to supplement, will have any bearing on any other procedural issue in this case; nor will any aspect of this order have any bearing on the Court's consideration of the merits of petitioner's new claim.

It is therefore ordered that petitioner's motion to lift stay (ECF No. 41) is granted.

It is further ordered that petitioner is granted leave of court to add to her habeas corpus petition in this action the claims set forth in her Supplement to First Amended Petition for Writ of Habeas Corpus (ECF No. 42). The claims will be considered added to the habeas corpus petition in this action. The Court will not, at this time, require petitioner to file an amended habeas petition, including her new claim. After completion of her state-court proceedings, and if and when the stay of this action is permanently lifted, the Court will require petitioner to file an amended habeas petition including this new claim.

It is further ordered that, in all other respects, the stay of this action will remain in effect.

DATED THIS 25th day of April 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE